UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SOC-SMG, Inc., ) | 3:08-CV-00392-ECR-VPC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| CHRISTIAN & TIMBERS, LLC, ) | May 20, 2010 |
| Defendant. ) | |

On November 23, 2009, the court granted plaintiff SOC-SMG, Inc.'s ("SMG") motion for sanctions pursuant to Federal Rule of Civil Procedure 37 (#62). The court directed plaintiff's counsel to submit a memorandum of attorney's fees and costs. *Id.* Plaintiff filed the memorandum and an affidavit of William S. Fiske, Esq. (#64). Defendant Christian & Timbers LLC ("CT") responded (#65), and SMG replied (#68). Upon review of the memorandum, opposition, and reply, the court awards reasonable attorneys' fees as set forth below.

**I. DISCUSSION & ANALYSIS**

"Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). An appropriate sanction must be imposed, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976). "[W]ith reference to fees which will serve as sanctions, the guide will be reasonable fees under the circumstances involved and the objectives of the authorizing fee statute or principle." 1 Alba Conte, J.D., *Attorney Fee Awards* § 1.6 (3ed. 2009).

Rule 37 sets forth the court's procedures for enforcing discovery and sanctioning misconduct. "If a party fails to make a disclosure required by Rule 26(a), any party may move to compel disclosure and for appropriate sanctions" which include an award of reasonable expenses in bringing the motion. Fed. R. Civ. P. 37. Appropriate sanctions may include "payment of reasonable

1  expenses, including attorney's fees, caused by the failure" to disclose. Fed.R.Civ.P. 37(c)(1). "[T]he
2  court should endeavor to impose a sanction that will restore the parties to the position they would
3  have occupied but for the breach of discovery obligations and deter future misconduct." *In re*
4  *September 11th Liability Ins. Coverage Cases*, 243 F.R.D. 114, 131-32 (S.D.N.Y. 2007) (citing
5  *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 437 (S.D.N.Y 2004)).  In this circuit, discovery
6  sanctions may be imposed to deter and penalize. *See Falstaff Brewing Corp. v. Miller Brewing Co.*,
7  702 F.2d 770, 783 n.10 (9th Cir. 1983) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764
8  (1980); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976))

9  In this case, the court declined to order the drastic remedy of recommending that judgment
10 be entered against CT or even the lesser remedy of establishing issues or facts at trial (#62).  In fact,
11 the court found that CT's failure to produce the disputed discovery was not intentional or willful but
12 rather the result of negligence in meeting its discovery obligations.  Nonetheless, the court concluded
13 that an award of attorneys' fees and costs was proper under the circumstances and now must
14 calculate a reasonable fee award.

15 In federal courts, reasonable attorneys' fees are generally based on the traditional "lodestar"
16 calculation set forth in the three Supreme Court cases of *Hensley v. Eckerhart*, 461 U.S. 424 (1983)
17 (awarding attorneys fees pursuant Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988),
18 *Blum v. Stenson*, 465 U.S. 886 (1984) (same), and *Pennsylvania v. Delaware Valley Citizens'*
19 *Council for Clean Air*, 478 U.S. 546 (1986) (awarding fees pursuant to Clean Air Act 42 U.S.C. §§
20 7401 *et seq*.).  The lodestar method has "achieved dominance in the federal courts" and has, "as the
21 name suggests, become the guiding light of our fee-shifting jurisprudence." *Purdue v. Kenny A.*, 559
22 U.S. ---, --- (2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002)).  Under the lodestar
23 method, the court determines a reasonable fee by multiplying "the number of hours reasonably
24 expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  Because the
25 lodestar figure is presumptively reasonable, adjustments that increase the award should be made only
26 in "extraordinary" cases. *Purdue*, 559 U.S. at ---; *Pennsylvania*, 478 U.S. at 565.

27     **A.**    **Reasonable Hourly Rate**

28 SMG does not produce evidence of the reasonableness of its rate.  Instead, it refers to the

1  rates that its three attorneys are charging "on this matter" (#64, p. 3, nn. 1-3). Mr. Thomas E. Alborg
2  charges an hourly rate of $400 per hour, Ms. Denea H. Budde charges $300 per hour, Mr. William
3  S. Fiske charges $280 per hour, and paralegal Mr. Cyril P. Allen charges $100 per hour. *Id.*

4  The Ninth Circuit has "repeatedly held that the determination of a reasonable hourly rate is
5  not made by reference to rates actually charged the prevailing party." *Welch v. Metropolitan Life*
6  *Ins., Co.*, 480 F.3d 942, 946 (9th Cir. 2007). Rather, the reasonable hourly rate should reflect "the
7  prevailing market rates in the relevant community." *Webb v. Ada County*, 285 F.3d 829, 840 n.6 (9th
8  Cir. 2002). The relevant community is the forum in which the district court sits. *Barjon v. Dalton*,
9  132 F.3d 496, 500 (9th Cir. 1997). Reasonably competent counsel bill at a reasonable hourly rate
10 based on the local legal community as a whole. *See Blum v. Stenson*, 465 U.S. 886, 893 (1984).
11 "The definition of what is a reasonable fee applies uniformly to all federal fee-shifting statutes."
12 *Anderson v. Director, Office Workers Compensation Programs*, 91 F.3d 1322, 1325 (9th Cir.1996).

13 "To inform and assist the court in the exercise of its discretion, the burden is on the fee
14 applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the
15 requested rates are in line with those prevailing in the community for similar services by lawyers of
16 reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d
17 973, 980 (9th Cir. 2008) (quoting *Blum*, 465 U.S. at 895 n. 11). "When a fee applicant fails to meet
18 its burden of establishing the reasonableness of the requested rates, the court may exercise its
19 discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing
20 rates in the community." *Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789, at *5
21 (C.D. Cal. Mar. 9, 2009); *see, e.g., Widrig v. Apfel,* 140 F.3d 1207, 1209-10 (9th Cir. 1998) (finding
22 plaintiff's hourly rate too high and reducing it). However, "[i]t is an abuse of discretion to apply
23 market rates in effect more than two years before the work was performed." *Bell v. Clackamas*
24 *County*, 341 F.3d 858, 869 (9th Cir. 2003).

25 Here, in addition to its own knowledge of the rates in the prevailing community, the court
26 turns to another recent case in this district as well. In *CGM Air Group LLC v. Chevron U.S.A., Inc.*,
27 2009 WL 1810743 (D. Nev. June 24, 2009), the court held that, in the Reno, Nevada community,
28 a partner rate of $305 per hour and associate rate of $230 per hour was "reasonable in light of the

1 skill and experience of the attorneys involved, as well as the difficulty of the questions presented in
2 this case." *Id.* at *5. Underscoring the reasonableness of this request was local counsel's lack of
3 challenge to the hourly rate. *Id.* at *5 n. 5. Given the rates in this locality and the lack of complexity
4 in the issues here, the court exercises its discretion and finds that a reasonable hourly rate for the
5 legal services rendered is $300 for Mr. Alborg, $250 for Ms. Budde, $200 for Mr. Fiske, and $100
6 for Mr. Allen.

       **B.**       **Hours Reasonably Expended**

8 Although district courts have discretion in determining the amount of a fee award; "it remains
9 important . . . for the district court to provide a *concise* but *clear* explanation of its reasons for the
10 fee award." *Hensley*, 461 U.S. at 437 (emphasis added). "It is essential that the judge provide a
11 reasonably specific explanation for all aspects of a fee determination, including any award of an
12 enhancement." *Perdue*, 559 U.S. ---, --- (2010). The district court should give at least some
13 indication of how it arrived at the amount of compensable hours for which fees were awarded to
14 allow for meaningful appellate review. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 485
15 (9th Cir. 1988) ("Courts need not attempt to portray the discretionary analyses that leads to their
16 numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight
17 into their exercises of discretion to enable [the appellate court] to discharge our reviewing function").

18 A district court should exclude from calculation of the fee award those hours that are "not
19 reasonably expended." *Hensley*, 461 U.S. at 434. "Cases may be overstaffed, and the skill and
20 experience of lawyers vary widely." *Id.* "[W]hen faced with a massive fee application the district
21 court has the authority to make across-the-board percentage cuts either in the number of hours
22 claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee
23 application.'" *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quoting *New York State*
24 *Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983)).

25 On November 23, 2009, the court ordered the payment of reasonable attorneys' fees for (1)
26 the filing of the sanctions motion and accompanying affidavit, (2) the July 2 *ex parte* motion and
27 accompanying declaration, and (3) the depositions of Messrs. Groce, Nocifora, and Weinrauch
28 conducted on July 20, 2009. The court's purpose was to deter CT's negligent behavior in meeting

its discovery obligations. *See* #62, p. 16 ("The sanctions award . . . demonstrates that counsel and their clients have a responsibility to engage in the process of discovery and produce documents that are relevant to an opposing party's requests within the time prescribed by the court's scheduling order."). Furthermore, the sanctions award serves to approximate returning SMG to its previous position in the litigation but for CT's discovery lapses. SMG presents an extensive accounting of its hours consisting of eight categories organized in chronological order (#64). SMG provides for its billing in the following eight categories:

> 1. Preliminary Analysis of C&T's Discovery Abuses Following Close of Fact Discovery [6/30/09 through 7/2/09];
> 2. Ex Parte Motion Preparation [7/1/09 through 7/2/09];
> 3. Ex Parte Motion Attendance and Post-Motion Actions [7/6/09 through 7/20/09];
> 4. Other Legal Work Related to Addressing C&T's Belated Production of Highly-Relevant Documents;
> 5. Legal Work (and Costs) Regarding the July 20th Depositions Pursuant to Court Order [7/9/09 through 7/20/09];
> 6. Legal Work Post-Depositions and Pre-August 6th Court Conference to Review C&T's Compliance/Non-Compliance with Prior Court Orders [7/20/09 through 8/6/09];
> 7. Briefing on and Attendance at Plaintiff's Motion for Sanctions Against C&T [7/20/09 through 10/5/09]; and
> 8. Compliance With the November 23, 2009 Court Order [11/23/09 through 12/3/09].

(#64, p. 2). CT argues that the fee memorandum is replete with instances of block billing and that much of the hours are excessive and redundant (#65). CT addresses the hours included in SMG's fee memorandum section by section, and the court addresses them in the same manner below.

**1.     "Preliminary Analysis of CT's Discovery Abuses . . ."**

In section one of its memorandum, SMG requests fees in the amount of $1,482 for 3.8 hours of "preliminary analysis" concerning the July 2 *ex parte* motion or the motion for terminating sanctions or both. The court finds that this section contains redundant entries. For example, one billing entry describes Mr. Alborg as evaluating the grounds for "terminating/issues/monetary

sanctions motion and/or ex parte motion to abate or dismiss motion for summary judgment" (#64, p. 4). The next day, a billing entry describes Mr. Alborg as "evaluat[ing] grounds for ex parte motion/motion to compel on shortened time, in light of Mr. Garin's refusal to take C&T's dispositive motion off-calendar." *Id.* Although the court finds that attorneys must evaluate the grounds for motions, it appears that SMG's three attorneys spent excessive hours in its review, analysis, and evaluation of strategic options. That said, the court finds that Ms. Budde's time spent researching and drafting the request for CT to hold its motion for summary judgment in abeyance was reasonably necessary. However, the court exercises its discretion and finds that the remaining time was not reasonably necessary. Moreover, the time for "preliminary analysis" is accounted for in the other sections of the fee memorandum. The court accounts for fees and costs in the "preliminary analysis" in the following manner:

**Fees and Costs for Preliminary Analysis**

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Denae H. Budde | 0.8 | $250 | $200 |
| **Section Total** | | | **$200** |

### 2.     July 2, 2009 *Ex Parte* Motion

In sections two and three of the memorandum for reasonable attorneys' fees, SMG counsel requests a total of $6, 234 in fees related to the filing of the July 2 *ex parte* motion. These sections include 20.8 hours of attorney time and 2.7 hours of paralegal time.

The court looks to the time spent by SMG counsel in filing the motion and attending the hearing and finds that the amount of time was reasonably necessary. Therefore, as in the memorandum, the court apportions the time in the following manner with no reductions or enhancements:

**Fees and Costs from July 2, 2009 *Ex Parte* Motion**

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Thomas E. Alborg | 0.6 | $300 | $180 |
| Denea H. Budde | 1.4 | $250 | $350 |
| William S. Fiske | 18.8 | $200 | $3760 |
| Cyril Allen, Paralegal | 2.7 | $100 | $270 |
| **Section Total** | | | **$4,560** |

### 3. "Other Legal Work . . ."

In section four of its fee memorandum, SMG seeks fees and costs for "other legal work related to addressing CT's belated production of highly-relevant documents." CT argues that this work is excessive and redundant.

The court finds that this work is litigation activity that would have been performed had CT produced all documents in a timely fashion. Review and analysis of documents produced in discovery occurs in the normal course of litigation. An award with respect to these hours does not serve to restore SMG to its previous position but rather provides a benefit to SMG. Such an award would not serve the purposes behind the discovery rules. Therefore, the court does not award fees for any hours with respect to this work.

### 4. July 20, 2009 Depositions

In section five of its memorandum of attorneys' fees, SMG identifies $9,640 in legal fees and $3,910.24 in costs associated with the July 20 depositions of Messrs. Groce, Nocifora, and Weinrauch. CT concurs in the assessment of costs (#65, p. 18); however, CT argues that the fees incurred are excessive and that entries are redundant.

The court agrees with CT and finds that many of the entries appear to be duplicative. Although the court understands that attorneys must prepare for depositions, SMG counsel here expends over twenty-three hours in preparation for depositions that took no more than five hours. Moreover, the topics to be covered at the depositions were not broad; they were clearly and specifically set forth in the court's order. *See* #37, pp. 2-4. SMG employs three attorneys whose efforts appear at times to overlap with one another. For that reason, the court exercises its discretion and reduces the amount of hours plaintiff requests. The court does not reduce any time for Mr.

- 7 -

1  Alborg with respect to the five hours he spent at the actual deposition.  The court finds that an award
2  of forty percent of the hours requested captures the total efforts of one-third of the three attorney
3  team and adequately accounts for oversight and collaboration with another attorney.  The award for
4  this section will be calculated as follows:

**Fees and Costs from July 20, 2009 Depositions**

| Attorney | Hours | Rate | Lodestar |
| --- | --- | --- | --- |
| Thomas E. Alborg | 3.48 | $300 | $1044 |
| Thomas E. Alborg (attendance) | 5.0 | $300 | $1500 |
| Denea H. Budde | 1.04 | $250 | $260 |
| William S. Fiske | 4.6 | $200 | $920 |
| Cyril P. Allen, Paralegal | 0.72 | $100 | $72 |
| **Section Total** | | | **$3,796** |

Therefore, the court awards fees in the amount of $3,796.00, and costs in the amount of $3,910.24 for a total amount of $7,706.24.

### 5.    "Legal Work Post-Depositions and Pre-August 6 Court Conference"

In section six of its memorandum, SMG seeks reimbursement for 21.1 hours spent after the deposition of CT employees.  This time was spent reviewing, analyzing, and evaluating strategy associated with the case as a whole.  This is not only time outside of what the court provided for in its order but also represents work that would have been performed had CT produced all discovery in a timely fashion.  Therefore, the court exercises its discretion and declines to account for these hours in its fee award.

### 6.    "Briefing on and Attendance at Plaintiff's Motion for Sanctions"

In section seven of its memorandum, SMG requests $29,242 in fees for 97.5 hours incurred in the preparation, drafting, and argument of its motion for terminating sanctions.

The court certainly understands that SMG counsel was required to assess and analyze whether to bring a motion for sanctions.  However, the court finds that the hours expended in litigating this motion tend to be excessive.  For example, Ms. Budde and Mr. Fiske account more than eight hours of legal research, and although the motion itself contains relevant authorities pertaining to a sanctions analysis, the presentation in the motion is no more complex than what one

1  would find in a common practice guide. In addition, much of the descriptions of attorney time are
2  vague and redundant. Numerous entries contain descriptions of "further preparation" and "further
3  analysis" (#64, pp. 16-17). Three hours of paralegal time are spent gathering and preparing relevant
4  exhibits where Mr. Fiske had already spent 7.7 hours "outlin[ing]" discovery abuses and
5  "analy[zing]" those relevant exhibits. *Id.* at pp. 15, 17. The court's experience has been that
6  motions for sanctions need not take the amount of time claimed by SMG. At the October 5, 2009
7  hearing, the court noted that it found the parties dueling motions for case-terminating sanctions
8  disturbing, and SMG counsel noted that the case had "decayed a bit." (Motions Hearing, October
9  5, 2009, 9:57:18 a.m. , 9:58:24 a.m.) The court reiterates those concerns here and adds that SMG's
10 choice to pursue such drastic sanctions, and the numerous hours it spent doing so, reflect more of
11 the pervasive acrimony between the parties as opposed to a commensurate response to CT's
12 negligent failure to meet its discovery obligations.

13 Based on its review of the entire fee application, the court finds that SMG counsel reasonably
14 incurred fees in the preparation and drafting of the sanctions motion as well as the reply to CT's
15 opposition. Specifically, the court finds that the time counsel spent in court arguing the motion was
16 reasonably necessary.[1] However, with respect to the efforts in preparation and drafting of the
17 motion, the use of the three attorneys could have been more efficiently consolidated. For the same
18 reasons discussed above, the court exercises its discretion and concludes that the hours reasonably
19 expended remains forty percent of the submitted hours. The court is convinced that payment of fees
20 in the amounts below will serve the twin purposes of deterring and punishing CT for its oversight
21 during the discovery process as well as restoring SMG to its position but for the discovery abuses
22 of CT. The calculations amount to the following:

---

[1] Upon review of the court's record, the October 5, 2009 hearing involved proceedings on two motions. The entire proceeding lasted 1 hour, twenty-six minutes. Thirty-six minutes of that time was spent concerning SMG's motion for sanctions. The court accounts then for 0.6 hours for each attorney.

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Thomas E. Alborg | 4.74 | 300 | $1422 |
| Thomas E. Alborg (hearing) | 0.6 | 300 | $180 |
| Denae H. Budde | 19.18 | 250 | $4795 |
| Denae H. Budde (hearing) | 0.6 | 250 | $150 |
| William S. Fiske | 12.02 | 200 | $2404 |
| William S. Fiske (hearing) | 0.6 | 200 | $120 |
| **Section Total** | | | **$9,071** |

### 7. "Compliance with the November 23, 2009 Court Order"

In section eight of the memorandum, SMG requests attorneys' fees in the amount of $3,610 for 12.7 hours spent complying with the court's November 23 order granting sanctions. Defendant argues that this time was not contemplated by the court's order. While the court agrees and finds that fees associated with the order were not contemplated by the court, such "fees-on-fees" have been regarded as compensable. *See Anderson*, 91 F.3d 1322, 1325 (9th Cir. 1996) ("Such compensation must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received.'); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986); *Harris v. Mcarthy*, 790 F.2d 753, 758-59 (9th Cir. 1986); *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

However, the court has discretion to reduce fees-on-fees to the extent of the applicant's success on the underlying fees. *See Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995). In the instant case, SMG has demonsrated that forty percent of its fees incurred were reasonably necessary. For that reason, the court reduces the fees-on-fees petition appropriately.

**Fees and Costs in Fee Memorandum**

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Thomas E. Alborg | 0.16 | $300 | $48 |
| Denea H. Budde | 0.12 | $250 | $30 |
| William S. Fiske | 4.8 | $200 | $960 |
| **Section Total** | | | **$1,038** |

**C.    Total Lodestar Calculation**

In sum, the court finds that the total lodestar for the entire sanctions award is as follows:

- 10 -

**Grand Total Fees and Costs**

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Thomas E. Alborg | 8.98 | 300 | $2,694 |
| Thomas E. Alborg (hearing and deposition attendance) | 5.6 | 300 | $1,680 |
| Denea H. Budde | 27.14 | 250 | $6,785 |
| Denae H. Budde (hearing attendance) | 0.6 | 250 | $150 |
| William S. Fiske | 40.22 | 200 | $8,044 |
| William S. Fiske (hearing attendance) | 0.6 | 200 | $120 |
| **Total Lodestar** | | | **$19,473** |
| **Total Costs** | | | **$3,910.24** |
| **Grand Total** | | | **$23,383.24** |

As noted above, CT does not dispute the assessment of costs incurred from the depositions at $3,910.24. Therefore, the **total** sanction equals **$23,383.24**.

## II. CONCLUSION

Taking into account all factors in the reasonableness of the fees as calculated under the lodestar, the court finds that CT's payment of fees and costs places SMG in the position in which it would have been had CT initially complied with discovery requests in full. The court acknowledges that this is a sizeable reduction from the amount of SMG's fees request. However, in the context of a fee award for sanctions under Rule 37, the court should ensure that a reasonable attorneys fee to one party is commensurate with the wrongdoing of the other party.

Payment of these fees and costs is stayed until the District Court issues a ruling on any objections to the instant order.

**IT IS SO ORDERED.**

DATED: May 20, 2010.

_____
UNITED STATES MAGISTRATE JUDGE